UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paul McDonald,

                    Plaintiff,                    Case No. 14-14078
                                                        Hon. Victoria A. Roberts

v.

Jonathan Stone et al.,

                    Defendants.

_____

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND
DISMISSING COMPLAINT**

*Pro se* Plaintiff Paul McDonald ("McDonald") filed a Complaint against

Defendants Jonathan Stone ("Stone") and Evergreen Lutheran Church ("Evergreen").

He requests to proceed *in forma pauperis* ("IFP"). The Court **GRANTS** McDonald's

request to proceed IFP and **DISMISSES** his Complaint as frivolous.

28 U.S.C. § 1915(a)(1) provides indigent parties with access to the federal court

system. It says:

> [a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

To prevent potential IFP litigants from abusive or petty litigation, § 1915(e)(2)(B) allows

courts to sua sponte dismiss actions that are frivolous, malicious, or which fail to state a

claim upon which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

An action is frivolous if "the complaint contains only conclusory allegations and

fails to allege any facts, which if proved, would afford a basis for the granting of relief." *Papas v. Bertrum*, 600 F. Supp. 174, 175 (D. Mass. 1985) aff'd, 782 F.2d 1023 (1st Cir. 1985). Moreover, frivolity can occur when a complaint is filled with "vague and largely incomprehensible claims." *Mayfield v. Collins*, 918 F.2d 560, 561 (5th Cir. 1990).

The Court concludes McDonald's complaint is frivolous. Count I alleges promissory estoppel. Counts II and III challenge Evergreen's and Stone's eligibility for 26 U.S.C. § 501(c)(3) tax exemption status. And, Count IV alleges that Stone failed to perform a charitable subscription. McDonald demands $100,000 in damages.

Counts I and IV allege state law claims grounded in contract law, and thus, the Court does not have independent jurisdiction of them. For Counts II, III, and IV, the Court is unconvinced McDonald has standing. To satisfy Article III's standing requirements, McDonald must show, among other things, that he suffered an actual injury in fact that is concrete and particularized. In addition, the injury must be fairly traceable to the challenged actions of the Defendants. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, Inc., 528 U.S. 167, 180-81 (2000). McDonald fails to explain how he was personally injured by the factual allegations in Counts II, III, and IV.

The Court **GRANTS** McDonald in forma pauperis status, but **DISMISSES** his Complaint without prejudice.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 24, 2014

2

The undersigned certifies that a copy of this document was served on the attorneys of record and Paul McDonald by electronic means or U.S. Mail on October 24, 2014.

s/Carol A. Pinegar
Deputy Clerk